UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES<br><br>WHATSAPP MESSENGER ACCOUNT FOR PHONE NUMBER<br><br>(347)221-7633<br><br>CONTROLLED BY WHATSAPP INC. IN SANTA CLARA, CALIFORNIA | NO. 3:22MC817<br><br>FILED WILKES BARRE<br>OCT 25 2022<br>PER ___ DEPUTY CLERK<br><br>***FILED UNDER SEAL*** |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Todd K. Hinkley, its undersigned counsel, respectfully submits under seal this *ex parte* Application for an Order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device or process ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp Inc.

("WhatsApp") messenger account for telephone number (347)221-7633 (herein referred to as SUBJECT ACCOUNT).

In support of this Application, the United States asserts:

1. This is an Application made under 18 U.S.C. § 3122(a)(1) for an Order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an Application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the Application;" (2) "the identity of the law enforcement agency conducting the investigation;" and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration (DEA).

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by the DEA.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an Application for an Order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the Order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses, which

identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. WhatsApp, Inc. ("WhatsApp") provides an Internet based multimedia messaging service (MMS) via a smartphone application that functions using both cellular and wireless data connections. WhatsApp Messenger is an alternative to traditional cellular short message service (SMS) and MMS and works via the Internet, thus avoiding any charges that normal messages might incur. WhatsApp Messenger is a cross-platform mobile messaging application, which is available for iPhone, BlackBerry, Android, Windows Phone and Nokia.

11. Cellular telephone service is provided to a cellular handheld device, often referred to as a smartphone, by wireless cellular carriers, such as Verizon, Sprint, or AT&T. SMS text messaging and traditional cellular phone voice communications are provided via a wireless cellular carrier's network.

4

The WhatsApp Messenger application accessible via the smartphone device is transmitted across the Internet using the cellular provider's data connection or a wireless data connection (WiFi access point) such as a home wireless router, or a public wireless hotspot Internet data connection.

12. WhatsApp users may send text messages, audio messages, video messages, and location information between mobile devices with the WhatsApp Messenger application installed. WhatsApp users may also set up and participate in group chats. Each WhatsApp account has a unique account identifier associated with the mobile device's telephone number. When using WhatsApp Messenger to communicate, instead of sending a message to an email address, the message is routed across the internet, via WhatsApp servers located in the United States, from one mobile device to another. WhatsApp account numbers function similar to the telephone numbers of incoming and outgoing calls, because they indicate origin(s) and destination(s). WhatsApp account numbers can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's content.

13. When using the WhatsApp Messenger application to communicate, the message is routed through servers controlled by WhatsApp. Unlike an e-

mail message, which is stored on a network server maintained by the provider, WhatsApp messages are merely routed to a server managed by WhatsApp, which does not store the communication, but simply routes the communication to the receiving mobile device as soon as the receiver is on-line.

## THE RELEVANT FACTS

14. Agents of the DEA are investigating Maximo ORTIZ and others both known and unknown (TARGET SUBJECTS) for possible violations of federal law, including, but not limited to, violations of 21 U.S.C. §§ 841(a)(1) and 846 (distribution of narcotics and conspiracy to distribute narcotics) (SUBJECT OFFENSES).

15. I have discussed this case with DEA Task Force Officer John Egan, one of the law enforcement agents conducting the criminal investigation. Based on those discussions, I certify that the information likely to be obtained using pen-trap devices for the SUBJECT ACCOUNT is relevant to an ongoing criminal investigation of the TARGET SUBJECTS and others, as required by 18 U.S.C. § 3123(a).

16. The foregoing is based on information provided to me in my official capacity by agents of the investigating agency.

17. On June 15, 2022, DEA Agents in Philadelphia utilized a Confidential Source (CS) to arrange for ORTIZ to travel to the Philadelphia area and provide the CS with a free sample of fentanyl. The CS contacted ORITZ through WhatsApp utilizing cellular telephone number 347-221-7633.

18. On July 14, 2022, DEA Agents in Philadelphia utilized a CS to arrange for a controlled buy of 50 grams of fentanyl for $1,650.00. Agents again contacted ORITZ through WhatsApp utilizing cellular telephone number 347-221-7633.

19. On August 11, 2022, DEA Agents in Philadelphia and Scranton utilized a CS to arrange for a controlled buy of 100 grams of fentanyl from ORTIZ. The CS contacted ORITZ through WhatsApp utilizing cellular telephone number 347-221-7633. ORTIZ stated to the CS that "he was with someone and would call him back later." After several hours, ORTIZ did not return any calls placed by the CS. Agents learned the following day from the CS that ORTIZ stated to him that his "partner saw something he did not like" and advised him to not make the trip to Philadelphia. The CS also informed Agents that ORTIZ stated to him that he was changing his phone number and later provided him with the phone number 570-903-9153.

20. On August 16, 2022, DEA Agents from Philadelphia and Scranton utilized a CS to contact ORTIZ via WhatsApp utilizing cellular telephone number 570-903-9153 to arrange for a controlled buy of 100 grams of fentanyl. Agents from Scranton and Philadelphia conducted surveillance of ORTIZ as he traveled from the Scranton area to Philadelphia to complete the transaction.

21. Agents learned that ORITZ's WhatsApp account was still active on cellular telephone associated with the 347-221-7633 number. Agents learned through toll analysis and location data that ORITZ was continuing to utilize this phone.

22. On September 28, 2022, Agents from Scranton and Philadelphia utilized a DEA CS to make contact with ORITZ through WhatsApp utilizing the target telephone number 347-221-7633 in order to facilitate a controlled purchase of 150 grams of fentanyl from ORTIZ.

23. Agents anticipate approval of a Title III warrant in order to intercept communications inside the Toyota 4Runner that is regularly operated by ORTIZ. Agents anticipate the interception of ORITZ's oral and visual, non-verbal conduct, including communications through WhatsApp.

24. The conduct being investigated involves use of the SUBJECT ACCOUNT. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the SUBJECT ACCOUNT.

25. The pen-trap device sought by this Application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the SUBJECT ACCOUNT, including the date, time, and duration of the communication, and to record user log-in data (date, time, duration, and Internet Protocol address of all log-ins) on the SUBJECT ACCOUNT.

## GOVERNMENT REQUESTS

26. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the SUBJECT ACCOUNT, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

27. The United States further requests that the Court authorize the foregoing installation and use for a period of 60 days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

28. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the DEA, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

29. The United States further requests that the Court order WhatsApp, Inc. and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the DEA of any changes relating to the SUBJECT ACCOUNT, and to provide prior notice to

the applicant and the DEA before terminating or changing service to the SUBJECT ACCOUNT.

30. The United States further requests that the Court order that the DEA and the applicant have access to the information collected by the pen-trap device as soon as practicable, 24 hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

31. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp, Inc. may disclose this Order to an attorney for WhatsApp, Inc. for the purpose of receiving legal advice.

32. The United States further requests that this Application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

33. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this

11

Application and Order, and provide copies of this Order to the DEA and WhatsApp, Inc. upon request.

34. The foregoing is based on information provided to me in my official capacity by agents of the DEA.

WHEREFORE, it is respectfully requested that the Court grant this Application and Order, that this Application and any Order issued be sealed until further order of this Court.

Respectfully submitted:

Date: <u>October 25, 2022</u>

<u>s/ Todd K. Hinkley</u>
Todd K. Hinkley
Assistant United States Attorney